### Mary A. Peoples *v.* Jno. Fitchner.

[Abstract Kentucky Law Reporter, Vol. 7—448.]

**Bill of Exceptions.**
Where the error assigned is that the verdict is against the evidence, the appellant, to procure any decision in this court, must bring to this court a bill of exceptions duly signed by the trial judge and containing all of the evidence.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

December 8, 1885.

Opinion by Judge Pryor:

This record is in no condition for presenting the questions raised by the assignment of errors. There is no bill of exceptions, and therefore the evidence will not be considered; and besides there is no testimony here except that of a single witness, and whether his testimony is material, or if material, whether its admission prejudiced the case, are questions the court will not pass on unless all the proof is before us.

Where the error is that the verdict is against the evidence, the evidence in full must be given and the bill signed by the judge. Where all the evidence is not embraced or required to be embraced by the bill, the judge must certify that the bill of exceptions is true. The grounds for a new trial are insufficient:

1. Irregularity of the orders made during the trial.
2. The verdict of the jury is contrary to law.

The error of law occurring at the trial and excepted to at the time was that the verdict was against the law and the testimony. The last grounds bring up the question as to the sufficiency of the

testimony. All the other grounds are too indefinite and have been so often decided by this court to be insufficient that it is not necessary to notice them further. The only question before the court arises on the motion to strike out the second paragraph of the answer and the motion requiring the appellee to elect as to the defense relied on. Both motions were overruled. We are not informed of the specific charges made against the appellant in his affidavit or in his warrant. It is said to be for a malicious assault and we will assume that this was the style of the warrant or the character of the complaint. The facts upon which the warrant for a malicious assault issued are stated in the pleadings by the defendant. There was no demurrer to either paragraph of the answer, and although numbered 1 and 2, the one is in explanation of the other. The want of probable cause is denied in plea No. 1, and No. 2 recites the manner in which, or the facts upon which, the warrants issued.

There is no denial that the warrant issued or that the arrest was made, but it is denied that it was done maliciously and without probable cause. In plea No. 2 the facts are alleged constituting the grounds for the arrest, and whether styling the warrant one for a malicious assault is a misnomer or not, if the appellant procured the abortion without the knowledge of the wife of the appellee and against her consent, and when she supposed that it was in the capacity of a physician the appellant was acting and treating her, the appellant committed an offense for which she should have been arrested, and as the jury have returned a verdict for the defendant it must stand.

All the exceptions as to the incompetency of the testimony amount to nothing in the absence of a bill of exceptions, and as the answer is good as a whole the judgment is now affirmed.

*Elliott & Hemingray, for appellant.*

*Brown & Davie, T. I. Burnett, T. B. Fairleigh, for appellee.*